**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **ADVANCED TECHNOLOGY GROUP, INC.,** | |
| Plaintiff, | Case No. 3:17-cv-3270-BT |
| v. | |
| **SPERLONGA DATA & ANALYTICS, LLC AND DIGITFORGE ENTERPRISES, LLC,** | JURY TRIAL |
| Defendants. | |

# AGREED STIPULATED
# PERMANENT INJUNCTION AND FINAL JUDGMENT ORDER

Plaintiff Advanced Technology Group, Inc. ("**ATG**"), and Defendant Sperlonga Data and Analytics, LLC ("**Sperlonga**"), and Defendant DigitForge Enterprises, LLC ("**DigitForge**") (collectively, the "**Parties**") have filed this Agreed Stipulated Permanent Injunction and Final Judgment Order ("**Permanent Injunction and Order**"). Having considered the Parties' filings, the applicable law, the relevant facts, the parties' agreement, and being otherwise fully apprised of the premises, **THE COURT HEREBY GRANTS THE RELIEF REQUESTED IN THIS PERMANENT INJUNCTION AND ORDER AND ENTERS THIS PERMANENT INJUNCTION AND ORDER**.

This Permanent Injunction and Order is entered under the Court's authority under the Federal Rules and the statutory authority under the Defend Trade Secrets Act 18 U.S.C. §1836(b)(3)(A). The Court notes that the parties agree to the statements in this Permanent Injunction and Order. This Permanent Injunction and Order replaces the preliminary injunction entered into by the Court.

## I. THE PARTIES' STIPULATIONS

A. This Court has jurisdiction over the Parties and this matter.

B. The Amended Complaint alleges that Defendants misappropriated trade secrets under 18 U.S.C. §1836(b), tortuously interfered with contracts, and engaged in conspiracy.

C. ATG sells a commercial software product called Complete Control for Communities product ("**C3**") that is used by property management associations. In 2017, two ATG C3 customers—SBB Management Company ("**SBB**") and the Association of Property Owners of Sleepy Hollow Lake, Inc. ("**Sleepy Hollow**")—provided copies of their respective C3 databases (the "**SBB Copy**" and the "**Sleepy Hollow Copy**") to Sperlonga and its contract software developer DigitForge.

D. ATG alleges, among other things, that: (i) the SBB Copy and Sleepy Hollow Copy contain ATG's confidential information and trade secrets, including, without limitation, ATG's proprietary stored procedures and a proprietary data structure (also called a schema); (ii) this information represents the valuable and protected property of ATG; (iii) Defendants accessed the SBB Copy and the Sleepy Hollow Copy and learned ATG's trade secrets; (iv) Defendants also discussed ATG's C3 with SBB and learned additional secrets concerning C3's operation: (v) Defendants did not have ATG's permission, in any sense, to obtain information regarding C3, including obtaining the SBB Copy or the Sleepy Hollow copy or learning additional information from SBB; (vi) Defendants also did not have ATG's permission to use or disclose information learned regarding C3; and (vii) Defendants used the knowledge they gained from SBB and from accessing and using the SBB Copy and the Sleepy Hollow Copy to create additional works, including computer programs and documents. Defendants deny these allegations.

E. In settlement and compromise of the claims raised in the above-captioned lawsuit, the Parties have jointly moved the Court to enter this Permanent Injunction and Order.

F. Defendants hereby waive their ability to challenge or appeal this Permanent Injunction and Order.

## II. PERMANENT INJUNCTION AND ORDER

After considering the pleadings, the facts of the case, the applicable law, and being otherwise fully apprised of the premises, the Court finds that following relief is appropriate. This Permanent Injunction and Order, shall remain in force until amended by subsequent order of the Court.

### A. ORDER THAT DEFENDANTS TAKE CERTAIN CORRECTIVE ACTIONS

**THE COURT HEREBY ORDERS** Defendants, their officers, agents, servants, employees, and all other persons in active concert or participation with any of them who receive actual notice of this Permanent Injunction and Order, to:

1. Inventory, identify, sequester and preserve any instance or copy (whole or partial) of a C3 database (including without limitation, the SBB Copy and the Sleepy Hollow Copy) or its structure, layout, schema, organization, stored procedures, or any part thereof, regardless of whether such instance or copy is partial or has been modified (a "**C3 Database**"). The term "C3 Database" shall be interpreted broadly and shall include, but not be limited to, any source code, database, database schema, email, log file, document, or chat message that contains information obtained, directly or indirectly, from any C3 database;

2. Inventory, identify, sequester and preserve all things derived from or based upon any instance or copy (whole or partial) of a C3 Database;

3. Disclose and provide ATG a copy of anything inventoried, identified, sequestered, or preserved under the above paragraphs, including a description of where precisely such copies and/or information is located;

4. Upon written instruction of ATG's counsel, permanently destroy anything so inventoried, identified, sequestered or preserved under the above paragraphs, including destroying any backup copies of such things;

5. Provide, through a corporate representative, a sworn notarized statement and a record, such as by video recording and electronic logs that these steps have been accomplished;

6. Provide actual notice of this Permanent Injunction and Order to their officers, agents, attorneys, servants, employees; and

7. Complete the provisions of this Section II.A(1)–(6) within 30 days of the entry or issuance of this Permanent Injunction and Order.

**THE COURT FURTHER ORDERS** Defendants to use their authority, including their contractual authority over current and former employees or contractors, to enforce compliance with this Permanent Injunction and Order.

    **B.**    **INJUNCTION AGAINST ANY FURTHER USE OR DISCLOSURE**

**THE COURT PERMANENTLY ENJOINS** Defendants; Defendants' officers, agents, assignees, servants, and employees;[1] Defendants' successor companies; entities owned or controlled by Defendants or their officers, agents, assignees, servants, or employees; and furthermore enjoins all other persons in active concert or participation with any of the foregoing

---

[1] These persons shall include, wherever referenced in this Order, at least, Matt Martin, Andrew Gladston, Jodee McGrath, Dawn Booth, Michael Guess, Brent Stokes, Henry Negrete, Grant Jackson, Donald R. Disbro, Rebecca Bright, Elda Gonzalez, Michael Wolski, Tej Patel, Heather O'Manoaigh, and Fred Pandolfi.

persons who receive actual notice of this Permanent Injunction and Order, from, without express, written permission from ATG:

    1. Using or disclosing

        a. Any C3 Database;

        b. Anything learned from having had access to, or use of any C3 Database; and/or

        c. Anything based upon or derived from any C3 Database.

**C.    AGREED INJUNCTION AGAINST COMPETING WITH ATG**

**THE COURT ENJOINS** Defendants; Defendants' officers, agents, assignees, servants and employees; Defendants' successor companies; entities owned or controlled by Defendants or their officers, agents, assignees, servants, or employees; and furthermore enjoins all other persons in active concert or participation with any of the foregoing persons who receive actual notice of this Permanent Injunction and Order, from, without express, written permission from ATG:

    1. Engaging, directly or indirectly in any business in the United States that provides HOA software or software-based services that assist in the management of communities (including without limitation, financial management, accounts receivable, accounts payable, budgeting, reporting, delinquency processing, association management (including work orders, maintenance, architectural, and covenant tracking) ("**Community Management Features**")—or payment of fees related to communities (such as assessments, violations, and other charges)).

    2. After 5 years of this Permanent Injunction and Order being entered (but at no point before), Defendants may engage in a business described in Paragraph II.C.1 if and only if the product contains 4 or fewer Community Management Features and, if the product is offered for sale within 8 years of this Order being entered, that

5

product is disclosed to ATG in writing within 180 days before any such product is offered for sale.

3. After the earlier of 8 years of this Permanent Injunction and Order being entered or 5 years of no material evidencing non-compliance this Permanent Injunction and Order being found in an audit (but at no point before), Defendants may start or join (through merger, acquisition or otherwise) a business that competes with ATG (as described in Paragraph II.C.1). After this time period is completed, Sperlonga may start or join such a business, but in no event shall Michael Wolski or Tej Patel be allowed to work, directly or indirectly for such a business.

4. If any subsequent audit finds material evidencing non-compliance with this Permanent Injunction and Order, the timing in Paragraphs II.C.2 and II.C.3 shall be reset and shall count forward from the date of the destruction of the material evidencing non-compliance with this Order.

5. Notwithstanding the above portions of § II.C, Defendants may offer a stand-alone product or service that reports payment data to credit reporting agencies, generates analytics relating to payment data, or provides products or services specific to collection of accounts receivable, assessments, violations, and other delinquent charges. Defendants' stand-alone product may receive data from third-parties periodically.

6. Nothing in this Agreed Permanent Injunction and Order shall prohibit the parties from entering into a written and signed agreement after this Permanent Injunction and Order is entered or from jointly moving the Court to modify this agreement.

### D. DEFENDANTS' ACKNOWLEDGMENTS

**THE COURT FURTHER ORDERS** that Defendants obtain acknowledgments of receipt of this Permanent Injunction and Order from:

1. Each Defendant, within 14 days of the entry of this Permanent Injunction and Order shall deliver a copy of this Permanent Injunction and Order to: (1) all principals, officers, directors, and LLC managers and members, including Matt Martin, Michael Wolski, and Heather O'Maonaigh; (2) all employees, agents, contractors, and representatives who participated in conduct related to the subject matter of the Permanent Injunction and Order, including Rebecca Bright; (3) any former employees, agents, contractors, and representatives who participated in conduct related to the subject matter of the Permanent Injunction and Order, such as Tej Patel; (4) each individual who possessed, had access to, or considered any C3 Database.

2. Each individual or entity to which a Defendant delivered a copy of this Permanent Injunction and Order that Defendant must obtain, within thirty days, a sworn, notarized statement (**Exhibit A**). A copy of each statement shall be filed with the Court.

### E. ATG'S PERIODIC AUDITS TO VERIFY COMPLIANCE

**THE COURT FURTHER ORDERS** Defendants to allow ATG to verify compliance with this Permanent Injunction and Order from time to time as follows:

1. After Defendants have taken the corrective actions described in §II.A, Defendants shall permit an independent auditor of ATG's choosing to inspect Defendants' documents, communications, source code and systems upon 30-days, written notice. This provision shall apply to any company or entity that acquires all, or substantially all assets (including the source code or databases or information) of any Defendant. This independent auditor shall sign the Protective Order (Dkt. No. 22) and Order Amending Protective Order (Dkt.

No. 79) in this case and shall not be employed, other than as an auditor or as an expert, by ATG or any parent, subsidiary or affiliate of ATG.

   a. Any such inspection shall be conducted during normal business hours (that shall be from at least 9 a.m. to 5 p.m.).

   b. Any such audit shall not last more than 7 business days;

   c. Defendants shall provide all reasonable cooperation to the auditor;

   d. Defendants will permit the auditor to inspect Defendants' documents, communications, source code and systems;

   e. The auditor shall not unreasonably interfere with Defendants' day-to-day operations;

   f. The auditor shall treat any and all of Defendants' information or materials reviewed in conjunction with such inspection as AEO under the Protective Order.

   g. If the auditor identifies an aspect of Defendants' documents, communications, source code or systems that the auditor believes evidences non-compliance with this Permanent Injunction and Order, the auditor shall provide prompt notice to Defendants and allow Defendants the opportunity to cure the non-compliance within three business days while the auditor is present.  The auditor shall also be permitted to make a copy of that evidence of non-compliance and, if applicable, its destruction, and shall make a written report regarding its findings, both of which shall be treated as AEO material under the protective order in this case;

   h. Plaintiff shall bear the cost of the auditor's inspection;

    i. If the auditor identifies material that indicates that the Permanent Injunction and Order has not been complied with or the inspection of the auditor is obstructed, the parties shall meet and confer in good faith.

        i. If the parties agree that the material or obstruction evidences non-compliance with the Court's Permanent Injunction and Order (subject to the provisions of this order, including iii (below)) or if the material has already been destroyed under E.1.g (above), the Defendants shall bear the cost of the auditor's inspection and the material shall be permanently destroyed (unless it has been destroyed under E.1.g). Unless the auditor has already verified destruction under E.1.g, within fourteen days of receiving notice of the destruction (or at the next reasonably convenient time for the auditor, whichever is later, but, in no event, shall it take longer than 6 weeks), the auditor shall verify the destruction. Defendants shall also bear the cost of the verification of the destruction.

        ii. If the parties cannot agree that the material or obstruction evidences non-compliance with the Court's Permanent Injunction and Order (subject to the provisions of this order, including iii (below)), the issue shall be presented to the Court for determination and, if the Court determines the Defendants' have not complied with the Permanent Injunction and Order, the Defendants shall bear the cost of the auditor's inspection and the other party's attorney's fees and costs in returning to the Court.

        iii. Unless ATG's position is wholly unreasonable or would cause Defendants' substantial harm, which Defendants must clearly prove, the parties agree

9

       that ATG's determination of whether material is covered by this Permanent Injunction and Order shall govern whether the auditor identified material is covered by this Permanent Injunction and Order. In such rare circumstances that the parties disagree over whether ATG is being wholly unreasonable that identified material falls under this Permanent Injunction and Order, the parties may return to the Court as described above.

    iv. Nothing in this Permanent Injunction and Order affects ATG's right or ability to seek further appropriate relief from a Court for violation of this Permanent Injunction and Order.

2. ATG may conduct an audit as described above, at ATG's sole discretion but no more than once a year for the next 15 years.

**SO ORDERED.**

Dated: June 6, 2019.

_____
REBECCA RUTHERFORD
United States Magistrate Judge for the Northern District of Texas

Dated: June 6, 2018

| | |
|---|---|
| *s/ Robert Manley* | *s/ R. Heath Cheek* |
| Robert Manley, Lead Attorney | R. Heath Cheek |
| Texas State Bar No. 00787955 | Texas Bar No. 24053141 |
| rmanley@mckoolsmith.com | hcheek@bellnunnally.com |
| Steven D. Wolens | Jeffrey A. Tinker |
| Texas State Bar No. 21847600 | Texas Bar No. 24060733 |
| swolens@mckoolsmith.com | jtinker@bellnunnally.com |
| Eric Hansen | Ross Angus Williams |
| ehansen@mckoolsmith.com | Texas Bar No. 24066296 |
| Texas State Bar No. 24062763 | rwilliams@bellnunnally.com |
| Avery Williams | Saba F. Syed |
| Texas State Bar No. 24075282 | Texas Bar No. 24088497 |
| awilliams@mckoolsmith.com | ssyed@bellnunnally.com |
| Rudolph "Rudy" Fink, IV | Katie R. Beaird |
| Texas State Bar No. 24082997 | Texas Bar No. 24092099 |
| rfink@mckoolsmith.com | kbeaird@bellnunnally.com |
| **MCKOOL SMITH, P.C.** | **BELL NUNNALLY & MARTIN LLP** |
| 300 Crescent Court Suite 1500 | 2323 Ross Avenue, Suite 1900 |
| Dallas, TX 75201 | Dallas, Texas 75201 |
| Telephone: (214) 978-4000 | Telephone: (214) 740-1400 |
| Telecopier: (214) 978-4044 | Telecopier: (214) 740-1499 |

**ATTORNEYS FOR PLAINTIFF ADVANCED TECHNOLOGY GROUP, INC.**

**ATTORNEYS FOR DEFENDANT SPERLONGA DATA & ANALYTICS SYSTEMS, LLC**

*s/ Joshua L. Hedrick*
Joshua L. Hedrick
Texas State Bar No. 24061123
Laura M. Fontaine
Texas State Bar No. 24065239

**HEDRICK KRING, PLLC**
1700 Pacific Avenue, Suite 4650
Dallas, Texas 75201
(Tel.) (214) 880-9600
(Fax) (214) 481-1844
Josh@HedrickKring.com
Laura@HedrickKring.com

**ATTORNEYS FOR DEFENDANT DIGITFORGE**

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **ADVANCED TECHNOLOGY GROUP, INC.,** | |
| **Plaintiff,** | Case No. 3:17-cv-3270-BT |
| **v.** | |
| **SPERLONGA DATA & ANALYTICS, LLC AND DIGITFORGE ENTERPRISES, LLC,** | JURY TRIAL |
| **Defendants.** | |

[Name of person], being sworn, hereby states and affirms as follows.

1. My name is _____. My current residence address is _____. I am a citizen of _____ and am over the age of eighteen.

2. I am a current / former (circle one) officer / employee / contractor (circle one) of defendant _____.

3. On _____, I received a copy of the Agreed Stipulated Permanent Injunction and Final Judgment Order ("Permanent Injunction and Order"), which was signed by the Honorable Rebecca Rutherford, and entered by the Court on _____. A true and correct copy of the Permanent Injunction and Order I received is appended to this Affidavit.

4. I have complied with the terms of the Court's Permanent Injunction and Order.

5. I will comply with the terms of the Court's Permanent Injunction and Order in the future.

6. I agree to permanently refrain from using or disclosing any copy of a C3 Database (as that term is defined in the Court's Permanent Injunction and Order) or anything derived from or based upon such a copy.

7. I agree to permanently refrain from using or disclosing anything learned from access or use of a C3 Database (as that term is defined in the Court's Permanent Injunction and Order) or anything derived from or based upon such knowledge.

8. I voluntarily submit to the jurisdiction of the Northern District of Texas for the enforcement of this affirmation.

I declare under the penalty of perjury under the laws of the United States that the foregoing is true and correct.  Executed on _____, at _____.


_____ [Full name]


State / Province of _____, City of _____

Subscribed and sworn to before me

This ____ day of _____, 2019.



_____

Notary Public

4840-9257-1793